IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHAD JEREMY CLARK and MEGHAN CLARK,<br><br>             Plaintiffs,<br><br>vs.<br><br>CHEVY CHASE BANK, CAPITAL ONE NA, SHALOM RUBANOWITZ, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>             Defendants. | ORDER and<br>MEMORANDUM DECISION<br><br><br>Case No. 2:11-CV-1007-TC<br><br>Judge Tena Campbell |

Chad Jeremy Clark and Meghan Clark brought suit against Defendants challenging Defendants' actions in connection with the purchase and subsequent foreclosure of property in St. George, Utah (the property). All Defendants have moved to dismiss the complaint for failure to state a claim. The court agrees with Defendants and GRANTS Defendants' motion to dismiss.

**BACKGROUND**[1]

In August 2007, the Plaintiffs signed a note in favor of Chevy Chase Bank to acquire the property. At the same time, Plaintiffs signed a Deed of Trust securing the Note (the Trust Deed) that identified Chevy Chase as "Lender" and "Trustee" and Mortgage Electronic Registration Systems, or MERS, as "Beneficiary" and "nominee for Lender and its successors and assigns."

---

[1] All facts are taken from the complaint and documents either attached to or referred to in the complaint.

In February 2009, Defendant Capital One purchased Chevy Chase, so Capital One assumed the roles of Lender and Trustee under the Trust Deed. Capital One appointed James H. Woodall as a substitute trustee. Mr. Woodall filed a Notice of Default and, in October 2011, the property was sold at a trustee's sale.

The Plaintiffs brought this lawsuit in Utah state court and Defendants removed it to federal court, based on diversity jurisdiction. In the complaint, Plaintiff asserted eight claims: six against Chevy Chase, Capital One and MERS, and two against Shalom Rubanowitz, who is alleged to have been involved in the trustee's sale. (Compl. ¶¶ 34-36.)

## ANALYSIS

Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570. Stating a claim under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

Negligent Misrepresentation[2]

Plaintiffs contend that Defendants[3] failed to disclose that Plaintiffs would be charged "a premium margin." (Compl. ¶103.)  Defendants argue that this that this claim is barred by the three-year statute of limitations found in Utah Code Annotated § 78B-2-305(3) (2008) (amending § 78-12-26).  Plaintiffs respond that although the sale of the property and the alleged misrepresentations about the loan occurred in August 2007 and this lawsuit was filed four years later, Plaintiffs did not and could not have discovered the misrepresentation until July 2011, when Plaintiffs had a forensic loan audit performed.

In their opposition, but not in their complaint, Plaintiffs argue that the interest rate on their loan was based on a fluctuating interest rate index and that the Defendants failed to disclose what that index rate was.

But the Adjustable Rate Rider, one of the loan documents given to Plaintiffs at closing, showed that the yearly interest rate would remain at 8.875 per cent for approximately the first two months of the loan.  (Defs.' Mot. Dismiss Ex. A, at 16, Dkt. No. 8.)  Moreover, the Adjustable Rate Rider also revealed that the future yearly interest rate would be calculated by adding 3.5 percent to the LondonInterbank Offered Rate as published in the Wall Street Journal.

---

[2]Although Defendants challenged all of Plaintiffs' claims in the motion to dismiss, Plaintiffs responded only to the arguments about the sixth cause of action, negligent misrepresentations, brought against Chevy Chase and Capital One.  By failing to respond to the other arguments, Plaintiffs have abandoned their other claims and the court will dismiss them.

[3]Only Defendants Chevy Chase and Capital One were named in this cause of action.

(Id. at 17).   Consequently, Plaintiffs were given the means to calculate their interest rate at any time and their claims for negligent misrepresentation cannot stand

Claims against Mr. Rubanowitz

In his motion to dismiss the complaint, Defendant Shalom Rubanowitz asserts that both causes of action brought by Plaintiffs against him are based "on the false assertion that Rubanowitz is not a member of the Utah State Bar.  However, Rubanowitz is a member of the Utah State Bar and has been since 1999." (Dkt. No. 26.)  In their opposition, Plaintiffs, as discussed earlier, did not respond to Mr. Rubanowitz's arguments and abandoned those claims. But Mr. Rubanowitz also seeks reasonable attorneys' fees because Mr. Rubanowitz contends that Plaintiffs' claims against him were not brought in good faith.  Mr. Rubanowitz maintains that he several times told Plaintiffs' attorney, Jonathan Hanks, that Mr. Rubanowitz was and is a member of the Utah State Bar, and gave him documents and a letter from the Utah State Bar showing Mr. Rubanowitz's membership in the Bar.  But even after receiving this information, Mr. Hanks did not dismiss the claims against Mr. Rubanowitz.

The court is troubled by these allegations, but because Plaintiffs did not respond to them and the complaint is silent about this issue, the court cannot decide whether an award of attorneys' fees is justified.  For that reason, the court orders Mr. Hanks to file a response to these contentions, supported by an affidavit, no later than two weeks from the date of this order.  Mr. Rubanowitz will have ten days to file a reply.

**ORDER**

For the reasons set forth above, Defendants' motions to dismiss (Dkt. Nos. 7, 26) are GRANTED.  Defendants' motion to strike (Dkt. No. 22) is DENIED AS MOOT.

SO ORDERED this 12th day of April, 2011.

                                                        BY THE COURT:

                                                       TENA CAMPBELL
                                                       United States District Judge