IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHAD JEREMY CLARK and MEGHAN CLARK, <br><br>         Plaintiffs, <br><br> vs. <br><br> CHEVY CHASE BANK, CAPITAL ONE NA, SHALOM RUBANOWITZ, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, <br><br>         Defendants. | ORDER AND MEMORANDUM DECISION <br><br><br> Case No. 2:11-CV-1007-TC <br><br> Judge Tena Campbell |

Defendant Shalom Rubanowitz contends that Plaintiffs' claims against him in this case were not brought in good faith and that he is therefore entitled to an award of reasonable attorney's fees. The court granted Mr. Rubanowitz's request in an order issued on May 1, 2012 (Dkt. No. 32). In that order, the court instructed Mr. Rubanowitz to file an affidavit detailing and itemizing the attorney's fees. The court also allowed Plaintiffs to file an objection to Mr. Rubanowitz's affidavit. Instead of submitting this objection, Plaintiffs filed a motion (Dkt. No. 34) to set aside the court's May 1 order.

The court finds no reason to do so. Plaintiffs' counsel, Jonathan Hanks, has offered no excuse for why the suit was originally filed against Mr. Rubanowitz besides stating that he "had been informed that Mr. Rubanowitz was not a member of the Utah State Bar." (Hanks Aff. ¶ 4, Dkt. No. 36.) But Mr. Rubanowitz is, in fact, a member of the Utah State Bar, and a quick phone

call or a search of the Bar's website could have quickly determined Mr. Rubanowitz's status. Mr. Hanks also states that he misplaced a voluntary dismissal of the charges against Mr. Rubanowitz as a result of "multiple changes of office space." (Id. ¶¶ 9-11.) These statements do not constitute excusable neglect and cannot be used as a basis to set aside the court's order under Rule 60(b) of the Federal Rules of Civil Procedure.

As a result, the court DENIES Plaintiffs' Motion to Set Aside the Court's Order (Dkt. No. 34) and orders Mr. Hanks to pay Mr. Rubanowitz the sum of $5,177.50, as detailed in Michael Mayfield's affidavit (Dkt. No. 33). This amount includes the fees that Mr. Rubanowitz has incurred from the outset of the litigation. As requested in Plaintiffs' Memorandum (Dkt. No. 35), this sum is made only against Plaintiffs' counsel and not against the Plaintiffs themselves.

SO ORDERED this 21st day of June, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge